# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JENKINS,<br>CDCR # P-73828,<br><br>                                Plaintiff,<br><br>vs.<br><br>ICC AD SEG BLD 6; CSR REPRESENTATIVE; ISU; SGT. DUARTE; OFFICER BONFIL; DR. SMITH; OFFICER ENRIQUEZ; OFFICER BUENONOSTROS; SGT. 2ND WATCH; RN 2ND WATCH CIM HOSPITAL; OFFICER POLADIAN; M. GILL,<br><br>                                Defendants. | Civil No.   12-1526 IEG (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS* **[ECF No. 2]; and**<br><br>**(2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) AND FOR LACK OF PROPER VENUE** |

      Plaintiff, a state inmate currently incarcerated at the California Men's Colony in San Luis Obispo, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma* Pauperis (IFP) pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who

are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

**A.     Venue**

The Court takes note that a majority of the claims brought by Plaintiff are related to claims against Defendants who are alleged to reside in San Bernardino County and arose when he was housed at the California Institute for Men and California Men's Colony. Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, Plaintiff claims a number of constitutional violations against Defendants who are alleged to reside in San Bernardino County. These Defendants reside in the jurisdictional confines of the Central District of California. *See* 28 U.S.C. § 28(b). The claims against these Defendants are not alleged to have arisen in the Southern District. *See* 28 U.S.C. § 84(d) ("The Southern District [of California] comprises the counties of Imperial and San Diego."). Moreover, the claims against these Defendants are unrelated to the claims against the Defendants who are alleged to reside in the County of San Diego.

Therefore, venue as to the claims against Defendants Duarte, Bonfil, RN 2d Watch, Officer Poladian and M. Gill are properly brought in the Central District of California, pursuant

to 28 U.S.C. § 84(c)(2), but not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Accordingly, the Court dismisses the claims against Defendants Duarte, Bonfil, RN 2d Watch, Officer Poladian and M. Gill, without prejudice, for lack of proper venue. If Plaintiff wishes to purse claims against these individual Defendants he should file a separate action in the Central District of California.

### B. Claims against Richard J. Donovan Defendants

Plaintiff alleges claims against Defendants while he was housed at the Richard J. Donovan Correctional Facility in 2009. In his Complaint before this Court, Plaintiff raises claims of retaliation and denial of adequate nutrition. However, Plaintiff has already litigated some of these claims in a separate matter that is currently on appeal before the Ninth Circuit Court of Appeals in *Jenkins v. R.J. Donovan, et al.*, S.D. Cal. Civil Case No. 09cv0116 L (BLM). A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

A prisoner's complaint is considered frivolous under 28 U.S.C. § 1915A(b)(1) if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Because Plaintiff is already litigating the same claims presented in the instant action in *Jenkins v. R.J. Donovan, et al.*, S.D. Cal. Civil Case No. 09cv0116 L (BLM), any claims that are duplicative are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446 n.1.

### C. Eighth Amendment Medical Care claims

Plaintiff seeks to hold liable Dr. Smith, the doctor who performed Plaintiff's shoulder surgery in 2009. (*See* Compl. at 8.) Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's

response to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id*. at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. *Hutchinson v. United States*, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).

Here, Plaintiff indicates that the surgery performed by Defendant Smith was successful but that he later developed a staph infection. (*See* Compl. at 8-9.) There are no allegations in Plaintiff's Complaint that Defendant Smith was ever "deliberately indifferent" to Plaintiff's serious medical needs. Plaintiff appears to allege that other unnamed Defendants did not agree with the course of treatment proposed by Defendant Smith. (*Id.* at 10.) However, a mere difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Thus, Plaintiff's Eighth Amendment inadequate medical care claims are dismissed for failing to state a claim upon which relief can be granted.

/ / /

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend. Plaintiff's claims against the Defendants from California Men's Colony and California Institution for Men are dismissed without leave to amend in this action but also without prejudice to pursue in a separate action filed in the Central District. If Plaintiff files an Amended Complaint, he is also cautioned that his Amended Complaint may not include any allegations that he has previously alleged in *Jenkins v. R.J. Donovan, et al.*, S.D. Cal. Civil Case No. 09cv0116 L (BLM).

## III.  CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2.  The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.  Defendants ISU, Duarte, Bonfil, RN 2d Watch, Officer Poladian and M. Gill are **DISMISSED** pursuant to 28 U.S.C. § 84(c)(1), 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

1 | The Clerk of Court is directed to terminate these Defendants from the docket.

2 |     5.    Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
3 | upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2) & § 1915A(b).

4 |     6.    Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is filed in
5 | which to file a First Amended Complaint which cures all the deficiencies of pleading noted
6 | above. Plaintiff's Amended Complaint must be complete in itself without reference to his
7 | original Complaint. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
8 | alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
9 | 567 (9th Cir. 1987). If Plaintiff fails to file an Amended Complaint within 45 days, this action
10 | shall remain dismissed without further Order by the Court.

11 |     7.    The Clerk of Court is directed to mail a Court approved § 1983 form to Plaintiff.

DATED: July 17, 2012

*[signature]*

HON. IRMA E. GONZALEZ
United States District Judge